IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADAN ORTIZ,

    Plaintiff,

v.

RANDSTAD NORTH AMERICA, L.P.,

    Defendant.

No. C-13-5050 MMC

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is defendant Randstad North America, L.P.'s ("Randstad") Motion for Partial Summary Judgment, filed January 30, 2015. Plaintiff Adan Ortiz ("Ortiz") has filed opposition, to which Randstad has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

In the operative complaint, the Second Amended Complaint ("SAC"), Ortiz alleges he was employed by Randstad "in an hourly position in a warehouse operated by Nike Corporation" (see SAC ¶ 5), and seeks to proceed on behalf of a class defined as "persons employed by [Randstad] in hourly or non-exempt positions who supply services to third party clients . . . in California" (see SAC ¶ 12). According to Ortiz, Randstad "failed to pay premium wages for unprovided meal and/or rest periods, failed to pay at least minimum

---

[1] By order filed March 3, 2015, the Court took the matter under submission.

1  wages for all hours worked, failed to provide [the class] with payment of their wages that
2  could be tendered for cash without discount, failed to provide them with accurate written
3  wage statements, and failed to timely pay them all of their final wages following separation
4  of employment." (See SAC ¶ 1.) Based on the above-quoted allegations, plaintiff brings
5  seven causes of action, including the Third Cause of Action, which is titled "Failure to Pay
6  Hourly and Overtime Wages." (See SAC at 10:12.)[2]

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact. Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." See Celotex, 477 U.S. at 324 (internal quotation and citation omitted). "When the moving party has carried its burden under Rule 56[ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "If the [opposing party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations omitted). "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion." See Matsushita, 475 U.S. at 587 (internal quotation and citation omitted).

---

[2]As stated below, the Third Cause of Action is the only cause of action challenged by the instant motion.

**DISCUSSION**

Randstad argues it is entitled to summary judgment on the Third Cause of Action.

The Third Cause of Action is brought pursuant to § 1194 of the California Labor Code, which statute provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation available to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation." See Cal. Lab. Code § 1194(a).[3] Ortiz bases the Third Cause of Action on the following factual allegations: "[Randstad] failed to pay hourly wages to [Ortiz] for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by failing to do the following 1) failure to pay mea[l] or rest period p[re]miums [and] 2) paid employees with pay cards which charged [Ortiz] and the class various transaction fees to utilize it." (See SAC ¶ 63.)

**A. Failure to Pay Meal or Rest Period Premiums**

Under California law, "[i]f an employer fails to provide a meal or rest or recovery period in accordance with state law, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." See Cal. Lab. Code § 226.7(c).

As set forth above, the Third Cause of Action is based in part on a claim that Randstad's asserted failure to pay Ortiz additional wages for meal and rest periods that were not provided constituted a failure to pay Ortiz "the legal minimum wage or the legal overtime compensation." See Cal. Lab. Code § 1194(a). The California Supreme Court has held, however, that a claim based on an employer's failure to provide the additional pay required for meal and rest breaks it did not provide does not fall within the scope of

---

[3] In addition to § 1194, the SAC states the Third Cause of Action is brought under Labor Code §§ 223, 510, 1194.2, 1197, 1197.1, and 1198. (See SAC at title page:19-20, 10:13.) Sections 1194.2 and 1197.1 identify remedies available to an employee who is paid less than the minimum wage, and §§ 223, 510, 1197, and 1998 either identify unlawful employment practices or the circumstances under which an employee is entitled to receive overtime compensation.

§ 1194. See Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1251-1255 (2012) (rejecting argument that "the required payment for missed meal or rest periods is tantamount to a statutorily prescribed minimum wage"); see also Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094, 1104 (2007) (holding where employer fails to provide meal and rest breaks, employee's "only compensation" is remedy provided by Labor Code § 226.7).[4]

Accordingly, to the extent the Third Cause of Action is based on Randstad's alleged failure to pay Ortiz additional wages for meal and rest periods not provided, Randstad is entitled to summary judgment.

**B. Transaction Fees Charged When Using Paycards**

As further noted above, the second claim encompassed within the Third Cause of Action is that Ortiz received his wages on "pay cards" and was charged "various transaction fees to utilize [them]." (See SAC ¶ 63.) In his opposition, Ortiz clarifies that said claim is predicated on a contention that Randstad's paycard program "does not comply with California Labor Code § 212." (See Pl.'s Opp., filed February 13, 2015, at 6:8-9.)

Section 212 prohibits an employer from "issu[ing] in payment of wages due . . . [a]ny order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount." See Cal. Lab. Code § 212(a).[5] The California Division of Labor Standards Enforcement ("DLSE") has issued an opinion letter interpreting § 212 as allowing an employer to pay its employees with "payroll

---

[4] In the First and Second Causes of Action, which are not challenged by the instant motion, Ortiz seeks relief under § 226.7 for Randstad's alleged failure to pay him statutorily-mandated additional wages when required meal and rest periods were not provided. (See SAC ¶¶ 29, 31, 44, 46.)

[5] The SAC includes no facts suggesting how the fees Ortiz paid resulted in his "receiving less than the legal minimum wage or the legal overtime compensation applicable to [him]," as is required to state a claim under § 1194. See Cal. Lab. Code § 1194(a). As Randstad does not challenge Ortiz's ability to bring a claim under § 1194 based on a violation of § 212(a), however, the Court assumes, for purposes of the instant motion, that Randstad's alleged violation of § 212 can constitute a violation of § 1194.

1 debit cards," or "paycards," where (1) the "wages [are] payable at some established place
2 of business in the state and there be at least 30 days of sufficient funds for payment,"
3 (2) the employees are "fully informed of the service and procedures and that it is
4 represented as an alternative method for wage payment for which their participation is
5 optional," (3) the employees receive "an itemized wage statement," and (4) "at least one
6 transaction per pay period [is] without fee."[6] (See Def.'s Req. for Judicial Notice,[7] filed
7 January 30, 2015, Ex. 1 at 8-9; see also id. Ex. 1 at 9 (noting "[t]he fact that there are other
8 options for employees to choose such as to withdraw a lesser amount does not render the
9 use of a payroll card violative of the employee's right to full and prompt payment of
10 wages")); see also Holak v. Kmart Corp., 2012 WL 6202298, at *7 (E.D. Cal. December 12,
11 2012) (holding, "in light of the DLSE opinion letters analyzing similar payroll debit card
12 programs," plaintiff's allegation that she was "charged a transaction fee for every ATM
13 withdrawal after the first withdrawal in a pay period" failed to state a claim that employer's
14 program violated § 212).

15       Here, in support of its motion, Randstad has introduced evidence showing its
16 program complies with the requirements of California law. Specifically, Randstad has
17 offered evidence to show (1) the paycards can be used to obtain wages at a number of
18 locations in California, including at any ATM (see Declaration of Tracy Newcomer
19 Ravencraft ("Ravencraft Decl.") Ex. D at 3) or "VISA issuing bank (most major banks)" (see
20 id. Ex. G) and wages remain on the paycard until withdrawn by the employee (see id. Ex. D
21 at 5); (2) employees are provided a "Welcome Kit" and other documents that inform them

---

[6] The DLSE is "the state agency empowered to enforce California's labor laws." See Abdullah v. U.S. Security Associates, Inc., 731 F.3d 952, 958 n.9 (9th Cir. 2013) (internal quotation and citation omitted). Opinion letters issued by the DLSE, while not "controlling," provide courts with "guidance" on the meaning of California labor laws. See id. at 958-960 (adopting DLSE's interpretation of meal period statute, as set forth in DLSE "opinion letters"); see also Armenta v. Osmose, Inc., 135 Cal. App. 4th 314, 324 (2005) (determining DLSE opinion letters constituted "persuasive" authority on proper interpretation of state minimum wage statutes).

[7] Randstad's unopposed request for judicial notice of the DLSE's opinion letter is hereby GRANTED. See Abdullah, 731 F.3d at 959 n.10 (taking judicial notice of DLSE opinion letters).

5

of the details of the program (see id. ¶¶ 11-17, Exs. A, C-I),[8] including the circumstances under which withdrawing funds and making balance inquiries are free of charge and when such activities will result in the imposition of fees (see id. Ex. A at 2-3, Ex. D at 2, 5, Ex. F, Ex. G, Ex. I), and that participation in the paycard program is optional (see id. ¶ 2-4, Ex. B; Declaration of Tina Diaz ¶ 4, Ex. A); (3) employees receive an itemized wage statement in the form of a "paystub" (see Ravencraft Decl. Ex. A at 4); and (4) the program provides for at least one transaction per pay period without any transaction fee (see id. Ex. A at 2 (stating "[y]our first withdrawal per pay load is always free through an extensive All Points network [of ATMs]"; id. Ex. G (informing employees "Allpoint has 32,000 ATMs nationally" and employees may search specified website to locate nearby "Allpoint ATMs")); id. (identifying, as alternative to use of "Allpoint Network ATMs," four other ways to obtain wages without paying transaction fees, including presenting card and identification to teller at "any VISA issuing bank" and "mak[ing] purchases at a retail location with [the paycard]")).

Additionally, Randstad has introduced the record of Ortiz's paycard transactions. The record shows Ortiz, on hundreds of occasions during the course of his employment with Randstad, used his paycard to obtain his wages without incurring a transaction fee, primarily to make purchases at retail locations (see Lee Decl. Ex. C), and that, on the two occasions on which a transaction fee was charged, specifically, a fee in the amount of $1.75, he used his paycard to withdraw cash at an ATM other than an All Points network ATM (see id. Ex. C at 18 and 21), which fee was charged in conformity with the terms of the program (see Ravencraft Decl. Ex. F (providing $1.75 fee is charged when employee makes ATM withdrawal at "out-of-network" ATM, whereas no fee is charged when employee makes ATM withdrawal at "in-network" ATM)).

//

---

[8] The copy of Ex. C attached to the Ravencraft Declaration, titled "Money Network Terms and Conditions," is, in large part, illegible. A clearer copy of said document was filed with Randstad's reply. (See Miceli Decl., filed February 20, 2014, Ex. D.)

1    In his response to the motion, Ortiz offers no evidence contrary to the evidence
2 submitted by Randstad.  Rather, relying on Rule 56(d), Ortiz argues he is entitled to a
3 continuance in order to take the depositions of Ravencraft and Diaz, the two Randstad
4 employees who, in the above-referenced declarations offered in support of the instant
5 motion, have provided evidence as to the terms of the subject program.  Randstad argues
6 Ortiz has failed to show his entitlement to relief under Rule 56(d).  The Court agrees.

7    Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for
8 specified reasons, it cannot present facts essential to justify its opposition," the district
9 court may grant the nonmovant a continuance.  See Fed. R. Civ. P 56(d).  As the Ninth
10 Circuit has made clear, however, to be entitled to relief under Rule 56(d), the nonmovant
11 must submit a "timely application" that "specifically identifies . . . relevant information" and
12 that shows "there is some basis for believing that the information sought actually exists."
13 See Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co., 353
14 F.3d 1125, 1129 (9th Cir. 2004) (internal quotation and citation omitted).  "Although the
15 affidavit need not contain evidentiary facts," it must "identify[ ] the probable facts not
16 available."  See Committee for First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th
17 Cir. 1992).

18    Here, although the declaration on which Ortiz relies in support of his Rule 56(d)
19 request is timely, the declaration fails to identify therein any information, let alone
20 potentially relevant information, that Ortiz has some basis for believing could be obtained
21 from one or both of the persons he wishes to depose.  (See Setareh Decl., filed February
22 13, 2015.)  Put another way, Ortiz fails to identify any potential factual dispute he could
23 raise if granted a continuance to file his opposition after he deposes Ravencraft and Diaz.
24 In the absence thereof, Ortiz fails to show grounds exist to warrant a continuance under
25 Rule 56(d).

26    Lastly, noting Randstad did not disclose Ravencraft and Diaz as witnesses until
27 shortly after their respective declarations were filed, Ortiz, citing Rule 37(c), argues their
28 declarations should be stricken as a sanction.  See Fed. R. Civ. P. 37(c)(1) (providing party

7

who fails to make required disclosure of witness may be precluded from "us[ing] . . . that witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless"). Even assuming any delay in the disclosure of Ravencraft and/or Diaz was without substantial justification, however, the Court finds Ortiz is not entitled to relief under Rule 37(c), as any such delay was harmless. Randstad produced to Ortiz, early in the litigation, each exhibit on which the instant motion is based (see Miceli Decl., filed February 20, 2015, ¶¶ 3-6), which exhibits, as discussed above, include a list of Ortiz's transactions and the documents describing the program, including the transactions for which no fee is charged and those for which fees are charged. Under such circumstances, Ortiz has had ample opportunity to make an argument, if he could, that the transaction fees on which he bases his claim were not permitted under the terms of the program or that the program, as written or administered, is not in compliance with the Labor Code.

Accordingly, Ortiz having failed to raise a triable issue of fact and having failed to show his entitlement to relief under either Rule 56(d) or Rule 37(c), the Court finds, to the extent the Third Cause of Action is based on Ortiz's having been charged transaction fees when he used his payroll card, Randstad is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Randstad's motion for partial summary judgment is hereby GRANTED, and Randstad is entitled to summary judgment in its favor on the Third Cause of Action.

**IT IS SO ORDERED.**

Dated: March 12, 2015

_____
MAXINE M. CHESNEY
United States District Judge