Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:  (310) 888-7771
Facsimile:   (310) 888-0109

Attorneys for Plaintiff,
ADAN ORTIZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAN ORTIZ, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>RANDSTAD NORTH AMERICA, L.P., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>*Defendants*. | Case No. 13-cv-05050-MMC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING SETTLEMENT ADMINISTRATOR COSTS, GRANTING MOTION FOR ATTORNEY FEES AND COSTS AND INCENTIVE AWARD**<br><br>**Date: September 23, 2016**<br>**Time:  9:00am**<br>**Courtroom: 7- 19th Floor**<br>**Judge: Hon. Maxine M. Chesney** |

On September 23, 2016, a hearing was held on the motion of Plaintiff Adan Ortiz ("Plaintiff") for final approval of the class settlement (the "Settlement") between Plaintiff and Defendant Randstad InHouse Services L.P. ("Randstad" or "Defendant").

The parties have submitted the Settlement, which this Court preliminarily approved by its order entered on May 20, 2016. In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and at the final approval hearing on September 23, 2016 the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Pursuant to the Preliminary Approval Order, the Notice of Class Action Settlement was sent to each Class Member by first-class mail. The Notice informed Class Members of the terms of the Settlement, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2. Notice of the proposed settlement was served by defendant on the appropriate federal and state officials. No such official has filed an objection or other response within the time provided by 28 U.S.C. § 1715(d).

3. The Court finds and determines that the Class, as conditionally certified by the Preliminarhy Approval Order meets all of the legal requirements for class certification for settlement purposes only under F.R.C.P 23(a) and 23(b)(3) and it is hereby ordered that the class is finally certified for settlement purposes.

4.     The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member, and that the Class Members who did not timely submit valid Exclusion Forms in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5.     The Court finds that the purported objection filed by class member Jerri Mason fails to comply with the procedural requirements for objections by failing to provide Ms. Mason's telephone number or dates of employment.  The objection is also overruled on the merits because it asserts in conclusory fashion that the amount of the settlement is not enough, and because it appears to be based on a misapprehension as to the scope of the release in the settlement.

6.     Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

7.     Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Randstad make payments to the Class Members in accordance with the Settlement.

8.     Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

9.     Pursuant to the Settlement, Plaintiff and all Class Members who did not timely submit valid Requests for Exclusion, are permanently barred from prosecuting against Randstad, Nike Inc. or any of the Released Parties any of the claims released by them under the Settlement.  The fourteen individuals who submitted timely requests for exclusion, each of which is identified in the Declaration of Ani Shirinian, filed September 26, 2016, are excluded from the Class.

10.    The parties are hereby ordered to comply with the terms of the Settlement.

11.    The Court hereby enters final judgment in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on May 20, 2016, and this order.

12.    This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

1  13.   The Parties will bear their own costs and attorneys' fees except as provided herein.

2  14.   The Court finds that Plaintiff's request for $1,600,000 in fees (25% of the settlement fund) and $19, 917.23 in costs is reasonable.  Therefore the Court orders this amount to be paid to Plaintiff's counsel from the settlement fund.

15.    The Settlement Administrator is awarded  $82,000 to be paid from the settlement fund.

16.   The Court finds that Plaintiff's requested service award of $5000 is reasonable and orders that it be paid from the settlement fund.

IT IS SO ORDERED.

Date:  December 29, 2016

Hon. Maxine M. Chesney
United States District Judge